FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 8:47 am, Jul 02, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DANIEL ORLANDO ABRAHAMS,

    Petitioner,

v.

WARDEN, FSL JESUP,

    Respondent.

CIVIL ACTION NO.: 2:18-cv-93

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Daniel Abrahams ("Abrahams") filed a 28 U.S.C. § 2241 Petition. Doc. 1. For the following reasons, I **RECOMMEND** the Court **DISMISS** Abrahams's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Abrahams leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Abrahams that his suit is due to be dismissed. As indicated below, Abrahams will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

Abrahams was convicted, after entering a guilty plea, in the Middle District of Florida of conspiracy to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 70506(b) and 21 U.S.C. § 960(b)(1)(B)(ii).  Doc. 1 at 1; Doc. 1-1 at 1.  Abrahams was sentenced to 168 months' imprisonment.  J., United States v. Abrahams, 8:15-cr-406 (M.D. Fla. May 27, 2016), ECF No. 85.  Abrahams filed a 28 U.S.C. § 2255 motion to vacate, modify, or correct his sentence, alleging his counsel was ineffective.  Id., ECF No. 97 (Sept. 29, 2016).  The Middle District of Florida denied Abrahams's motion.  Id., ECF No. 103 (Mar. 27, 2017).  Abrahams filed a motion for retroactive application of the Sentencing Guidelines, two motions for reduction of sentence, a motion for reconsideration, a motion for relief under the Fair Sentencing Act, and a motion for review of an otherwise final sentence, all of which the Middle District of Florida court denied.  Id., ECF Nos. 105, 112, 114, 118, 119, 120, 121, 122, 132, 133, 135.

## DISCUSSION

In his Petition, Abrahams contends the trial court improperly calculated his Guidelines' range and, as a result, imposed an improper sentence upon him.  Doc. 1 at 2.  Abrahams asserts his Guidelines' range should have been 120 months' imprisonment rather than the 168-month sentence at the lower end of his range he received.  Id. & at 6–7.  According to Abrahams, his plea agreement called for a sentence of 10 years to life imprisonment.[2]  Id. at 7.  Abrahams marked through all questions in his Petition regarding the filing of a § 2255 motion, including

---

[2]   It appears Abrahams misconstrues the penalty provision of his plea agreement.  In his plea agreement, it states Abrahams faced a statutory term of imprisonment of not less than 10 years (or 120 months) up to life.  Doc. 1-2 at 1.  This sentence is not the same as his Guidelines' range, which the sentencing court was to determine.  Id. at 3.

2

the question regarding why § 2255's remedy is inadequate or ineffective to challenge his sentence.  Id. at 4–5.

I.     **Whether Abrahams Can Proceed Under § 2241**

Abrahams's Petition should be dismissed because it is a second or successive attack on his federal sentence that can only be made in compliance with § 2255, and Abrahams has not satisfied the requirements of § 2255.  Abrahams's attempt to label his filing as a § 2241 Petition does not help.  His Petition is a barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement."  Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted).  Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction.  28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013).  To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under § 2255 is "inadequate or ineffective."  Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under § 2255 was inadequate or ineffective to test the legality of his detention).  A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence.  Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . .  A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims

3

outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

>Section 2255(e) provides:
>
>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner in entitled to relief under § 2255 is not relevant to the McCarthan test.

Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Abrahams does not present any of those circumstances through his instant Petition.[3] Abrahams is clearly challenging the validity of his sentence, which he admits. Doc. 1 at 2 (checking box for challenging to validity of sentence as imposed due to improper calculation under the Guidelines). This is the type of claim that § 2255 encompasses. It is clear Abrahams is not attacking the manner in which his sentence is being executed but the sentence itself. He would have been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Abrahams with an adequate procedure to test his claim. Abrahams has invoked § 2255 and other post-conviction relief motions on several occasions.

Further, Abrahams's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Abrahams may face a successiveness bar against a successive § 2255 motion or a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective. Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine

---

[3] Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong. Id. at 1086, 1090.

opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provided Abrahams an "adequate procedure" to test his conviction and sentence before the sentencing court.  In fact, Abrahams used the § 2255 mechanism in the District of his conviction on a previous occasion but just was not successful.  Consequently, Abrahams cannot show that § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim in a petition for a writ of habeas corpus."  McCarthan, 851 F.3d at 1099–1100.  Because Abrahams cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments.  See Morales-Perez v. Bradley, Civil Action No. 7:17-cv-01301, 2017 WL 6507693, at *3 n.4 (N.D. Ala. Nov. 30, 2017) (noting, McCarthan aside, voluntary plea agreement waiving collateral attack does not render § 2255's remedy inadequate or ineffective) (citing Johnson v. Warden, 551 F. App'x 489 (11th Cir. 2013)), *report and recommendation adopted*, 2017 WL 6492606 (N.D. Ala. Dec. 18, 2017).

**II.     Leave to Appeal *in Forma Pauperis***

The Court should also deny Abrahams leave to appeal *in forma pauperis*.  Though Abrahams has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not

6

proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Abrahams's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Abrahams *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Abrahams's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Abrahams leave to appeal *in forma pauperis*.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of July, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA